STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorney

    450 Golden Gate Ave., 11th Fl.
    San Francisco, California 94102-3495
    Telephone: (415) 436-6830
    Fax: (415) 436-7234
    Email:  Kyle.Waldinger@usdoj.gov

REBECCA A. HACISKI (DCBN 996656)
Acting Associate Director

    Office of International Affairs
    Criminal Division
    U.S. Department of Justice
    1301 New York Avenue NW
    Washington, D.C. 20530
    Telephone: (202) 616-2534
    Fax: (202) 514-0080
    Email:  Rebecca.Haciski@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF ALEJANDRO TOLEDO MANRIQUE | CASE NO. 3-19-71055 TSH<br><br>RENEWED MOTION TO REVOKE BAIL AND REMAND TO CUSTODY<br><br>Hearing Date: March 9, 2023<br>Time:      10:00 a.m.<br>Court:     Hon. Thomas S. Hixson |

The United States, by and through the undersigned attorneys, hereby renews its motion seeking to remand Alejandro Toledo Manrique ("Toledo") into custody, so that the United States may now execute the U.S. Secretary of State's decision this week to surrender Toledo to Peru.

## BACKGROUND

Toledo, who is wanted to stand trial in Peru on charges of collusion and money laundering, is currently on bail pursuant to an order issued by the Court on March 19, 2020. DE 115.

On September 28, 2021, the Court certified Peru's request for Toledo's extradition. *See* DE 188. The government sought to revoke Toledo's bail following the issuance of the Court's certification order, and the Court denied that motion. *See* DE 198. In so doing, the Court concluded that Toledo's and his wife's health constituted special circumstances warranting his release and that, while it "considered Toledo to be a flight risk," such risk was adequately mitigated at that time through his conditions of release. *Id.* at 5-6.[1]

Toledo challenged the Court's certification order via a petition for a writ of habeas corpus, which the Hon. Laurel Beeler (the "Habeas Court") denied on April 22, 2022. *See Manrique v. O'Keefe*, No. 3:21-cv-08395, Order Denying Petition for Writ of Habeas Corpus, Dkt. No. 17 (N.D. Cal. Apr. 22, 2022). Toledo has filed an appeal of that decision with the U.S. Court of Appeals for the Ninth Circuit, which remains pending.[2] *See Manrique v. Kolc*, No. 22-15705 (9th Cir. May 9, 2022).

Toledo sought a stay of extradition pending resolution of his appeal from both the Habeas Court and the Ninth Circuit. Both courts denied his request for a stay.[3] *See Manrique v. Kolc*, No. 22-15705, Order, Dkt. No. 22 (9th Cir. October 19, 2022); *Manrique v. O'Keefe*, No. 3:21-cv-08395, Order Granting Temporary Stay, Dkt. No. 30 (N.D. Cal. June 13, 2022).

---

[1] The Court also rejected the government's argument that 18 U.S.C. § 3184 mandates a fugitive's detention following the entry of an order certifying the fugitive's extradition. *See* DE 198 at 1-5. The government continues to maintain that Toledo's detention has been statutorily mandated since the Court certified his extradition, but in light of the Court's previous order on this issue, it does not detail that argument again in this motion.

[2] This appeal is currently fully briefed, and oral argument has been scheduled to occur on March 6, 2023.

[3] The Habeas Court found that Toledo failed to "show[] that he has a likelihood of success on appeal that is sufficient to justify a stay." *Manrique v. O'Keefe*, No. 3:21-cv-08395, Order Granting Temporary Stay, Dkt. No. 30, at 1 (N.D. Cal. June 13, 2022). However, it granted Toledo a temporary stay so as to allow him to seek a stay from the Ninth Circuit. *Id.* at 11.

Following the denial of Toledo's stay motions, the Department of State engaged in a review of Peru's request for Toledo's extradition and his defense thereto. On February 21, 2023, the Secretary of State, acting through the Deputy Secretary of State, decided to grant the extradition request and issued a warrant authorizing Toledo's surrender to Peru on the two charges for which he is sought. *See* 18 U.S.C. § 3186 ("The Secretary of State may order the person committed under sections 3184 or 3185 of this title to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged."). Counsel for Toledo was informed of the Secretary's decision on the same day, and they are aware that the United States is filing this motion seeking Toledo's immediate remand.

## ARGUMENT

Now that Toledo has failed to obtain a stay of extradition and the Secretary has authorized Toledo's surrender, Toledo should be brought into custody so that the government may effectuate his surrender to Peruvian authorities. While there are no legal impediments to Toledo's surrender to Peruvian authorities, his remand into custody is necessary to execute the Secretary's surrender warrant.[4]

Toledo's surrender to Peruvian authorities prior to the resolution of his pending appeal was clearly contemplated by the Habeas Court's denial of his motion to stay extradition pending appeal and the Ninth's Circuit's denial of the same motion. Indeed, Toledo expressly informed both courts that he would be extradited absent a stay.[5] *See Manrique v. Kolc*, No. 22-15705, Appellant's Motion for Stay Pending Appeal, Dkt. No. 4-1 (9th Cir. October 19, 2022) ("As the district court correctly found, failure to stay Dr. Toledo's extradition will cause irreparable harm. In the absence of a stay, Dr. Toledo will likely to be extradited to Peru before his appeal can be heard . . . .") (citation omitted); *Manrique v.*

---

[4] The Secretary's surrender warrant orders the U.S. Marshals Service ("USMS") to transfer custody of a fugitive to the foreign authorities; however, the fugitive must be detained in order for USMS to execute the warrant. The fugitive should be detained in advance of the date of surrender so as to ensure that he or she will actually be available for the transfer of custody, as well as to ensure the safety and security of those involved in executing the surrender. It is the usual practice of the United States to surrender a fugitive to the requesting country as expeditiously as possible after the Secretary has issued a surrender warrant when no legal impediments to surrender exist, particularly, as in this case, where the habeas court and appellate court have refused to grant a stay of surrender, even if the fugitive's appeal remains pending. *See, e.g., Bowman v. Stafford*, No. 22-55089, Order, Dkt. No. 33 (9th Cir. July 13, 2022) (granting motion to dismiss fugitive's appeal of the denial of his *habeas* petition as moot following his surrender); *Ramirez Luna v. O'Keefe*, No. 18-15450, Order, Dkt. No. 27 (9th Cir. July 24, 2018) (same); *Yordanov v. Milusnic*, No. 17-55584, Dkt. No. 18 (9th Cir. Feb. 27, 2018) (same).

[5] Toledo also informed the courts that his surrender would moot his appeal.

CASE NO. 3-19-71055 TSH                                                                                              2

*O'Keefe*, No. 3:21-cv-08395, Petitioner's Motion to Stay Extradition Pending Appeal, Dkt. No. 21, at 1 (N.D. Cal. Apr. 29, 2022) ("Unless this Court stays its order pending [his] appeal, . . . Dr. Toledo will suffer irreparable harm because he will be extradited to Peru, rendering his appeal moot before it can be heard.").

Toledo's continued release under the current state of affairs, in effect, improperly grants the requested—and twice-rejected—stay that Toledo sought from the Habeas Court and the Ninth Circuit. Moreover, because Toledo's defense before this Court, the Habeas Court, and the Secretary has failed, his flight risk has increased beyond the point of adequate mitigation by any conditions of release. Accordingly, Toledo should no longer be afforded release.

## CONCLUSION

For the foregoing reasons, the Court should revoke its order releasing Toledo on bail and should remand him to the custody of the United States Marshal so that he may be surrendered to Peruvian authorities.

DATED: February 22, 2023                Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/
_____
KYLE F. WALDINGER
Assistant United States Attorney

REBECCA A. HACISKI
Acting Associate Director
Office of International Affairs