1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   THOMAS A. COLTHURST (CABN 99493)
3  Chief, Criminal Division

4  KYLE F. WALDINGER (CABN 298752)
   Assistant United States Attorney
5
        450 Golden Gate Ave., 11th Fl.
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6830
7       Fax: (415) 436-7234
        Email:  Kyle.Waldinger@usdoj.gov
8
   REBECCA A. HACISKI (DCBN 996656)
9  Acting Associate Director

10      Office of International Affairs
        Criminal Division
11      U.S. Department of Justice
        1301 New York Avenue NW
12      Washington, D.C. 20530
        Telephone: (202) 616-2534
13      Fax: (202) 514-0080
        Email:  Rebecca.Haciski@usdoj.gov
14
   Attorneys for the United States of America
15

16                      UNITED STATES DISTRICT COURT

17                     NORTHERN DISTRICT OF CALIFORNIA

18                          SAN FRANCISCO DIVISION

19 IN THE MATTER OF THE EXTRADITION       )  CASE NO.  3-19-71055 TSH
   OF ALEJANDRO TOLEDO MANRIQUE           )
20                                         )  REPLY IN SUPPORT OF RENEWED MOTION TO
                                           )  REVOKE BAIL AND REMAND TO CUSTODY
21                                         )
                                           )
22                                         )
                                           )
23 _____)

REPLY IN SUPPORT OF RENEWED MOTION TO REVOKE BAIL AND
REMAND TO CUSTODY
CASE NO. 3-19-71055 TSH

"[T]he public interest will be served by the United States complying with a valid extradition application from [Peru] under the treaty.  Such proper compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order." *Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986).  That is particularly true in this case involving Peru's request for the extradition of its former president, Alejandro Toledo Manrique ("Toledo").

After well over three years of litigation—during which time, this Court and the Habeas Court[1] determined that Peru's extradition request complied with the relevant treaty, the Habeas Court and the Ninth Circuit refused to stay Toledo's extradition, and the Secretary of State authorized the surrender of Toledo to Peruvian authorities under the treaty—the only impediment to executing the Secretary's surrender warrant that remained at the time the United States filed the instant motion was the fact that Toledo remained out of custody.

However, after the United States filed its motion to bring him back into custody (DE 211), Toledo again sought a stay of extradition.  *See* HC DE 34.[2]  The Habeas Court denied his request two days later, but granted a temporary stay to allow Toledo to seek a stay of extradition from the Ninth Circuit.  *See* HC DE 36.  Toledo's second appellate stay motion remains pending before the panel that heard oral argument earlier today (March 6, 2023).

Toledo should be brought into custody because, as each avenue to prevent his extradition by legal means dead-ends, his incentive to flee increases.  Toledo has repeatedly expressed deep concern regarding being held in pre-trial detention in Peru.  *See, e.g.*, HC DE 21 at 12-13; CA DE 41-1 at 15-17.  "[T]hese strongly-held beliefs may also prove to be tempting rationales to avoid prosecution altogether." *See In re Extradition of Martinelli Berrocal*, 263 F. Supp. 3d 1280, 1306 (S.D. Fla. 2017).  Just as another court found regarding another foreign head of state pending extradition from the United States, "[r]egardless of the cost to himself or his family, [Toledo] may choose to seek asylum elsewhere and abandon his defense in [Peru].  If successful, law enforcement authorities in [Peru]—who may be

---

[1] *See Manrique v. O'Keefe*, Northern District of California Case Number 3:21-cv-08395 (Beeler, J.).

[2] All citations to docket entries in the case before the Habeas Court are denoted as "HC DE #"; all citations to docket entries in Toledo's appeal, Ninth Circuit Court of Appeals Case Number 22-15705, are denoted as "CA DE #."

REPLY IN SUPPORT OF RENEWED MOTION TO REVOKE BAIL AND
REMAND TO CUSTODY
CASE NO. 3-19-71055 TSH                                                                                                            1

equally sincere in their belief that [Toledo] engaged in unlawful conduct—may then be deprived of the opportunity to prove their case." *Id.* As such, detention is necessary. *See id.*

The Court should therefore revoke its order releasing Toledo on bail and should remand him to the custody of the United States Marshal. In the alternative, the Court should order Toledo to self-surrender to the United States Marshal immediately in the event that the Ninth Circuit denies his stay motion or issues an opinion affirming the Habeas Court's decision denying habeas relief, whichever occurs sooner. In order to comply with its treaty obligations, the United States will arrange to execute his surrender to Peruvian authorities expeditiously thereafter, assuming that no legal impediments thereto then exist.

DATED: March 6, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

/s/
_____
KYLE F. WALDINGER
Assistant United States Attorney

REBECCA A. HACISKI
Acting Associate Director
Office of International Affairs